**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMIE DERSHEM, | : | Civil No. 3:26-cv-121 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| PRIME CARE, *et al.*, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Jamie Dershem ("Dershem"), an inmate in the custody of the Pennsylvania

Department of Corrections, initiated this action pursuant to 42 U.S.C. § 1983 asserting

constitutional claims and a violation of the Health Insurance Portability and Accountability

Act ("HIPAA"). (Doc. 1). Dershem seeks to proceed *in forma pauperis*. (Doc. 2).

The complaint is presently before the Court for preliminary screening. For the

following reasons, the Court will dismiss Dershem's complaint pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii) and grant her limited leave to amend.

## I.    Legal Standard

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which

a prisoner is seeking redress from a governmental entity or an officer or employee of a

governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195,

197 (3d Cir. 2007). The Court must dismiss the complaint if it is "frivolous, malicious, or fails

to state a claim upon which relief may be granted[,]" or "seeks monetary relief from a

defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b)(1), (2). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2), or 42 U.S.C. § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 F. App'x 705, 706 (3d Cir. 2012) (*per curiam*); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations,...a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual

2

allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but...disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).  This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

3

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Dershem proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.    **The Complaint**

The allegations of the complaint pertain to Dershem's incarceration at the Clinton County Correctional Facility and the State Correctional Institution at Muncy ("SCI-Muncy"). (Doc. 1).  Named as Defendants are PrimeCare Medical, Inc., and the following individuals at the Clinton County Correctional Facility: Deputy Warden Ruch, Lieutenant King, Captain Probst, Lieutenant Mooney, Lieutenant Torstrup, and Lieutenant Muthler.  (*Id.* at 1-5).

Dershem alleges that, in April of 2023, while housed at the Clinton County Correctional Facility, she engaged in a verbal altercation with another inmate.  (*Id.* at 7 ¶¶ 2-3).  Dershem asserts that a nurse allowed this inmate to "see [her] [medical] file." (*Id.* at 7 ¶ 4).  Dershem alleges that "[t]his was a clear HIPPA (sic) violation by the Prime Care nurse."[1]

---

[1]    Dershem describes this alleged misconduct as a violation of "HIPPA", apparently referring to the Health Insurance Portability and Accountability Act ("HIPAA").

4

(*Id.*).  Due to this alleged HIPAA violation, Dershem alleges that she suffered emotional trauma and was verbally harassed by other inmates.  (*Id.* at 7-8 ¶¶ 13-14).

Dershem asserts that she was transferred to SCI-Muncy and continued to suffer emotional distress and verbal harassment by other inmates.  (*Id.* at 8 ¶ 17).

Dershem further alleges that she was charged with minor infractions and placed in a cell "lacking heat or hot water for 8 days" as a form of punishment.  (*Id.* at 8 ¶ 18).

For relief, Dershem seeks monetary compensation, and requests that the Clinton County Correctional Facility change its HIPAA policy and offer better training for its employees regarding HIPAA policy and procedure.  (*Id.* at 9).

## III.    Discussion

### A.    HIPAA Claim

The complaint alleges that Dershem's privacy rights under HIPAA were violated by the alleged disclosure of her medical records to another inmate.  (Doc. 1, at 7 ¶ 4).  It is well-established that HIPAA does not create a private cause of action.  Dershem's claims based on a violation of HIPAA will be dismissed because there is no private right of action under the statute.  *See Beckett v. Grant*, No. 19-3717, 2022 WL 485221, *3 (3d Cir. Feb. 17, 2022) ("HIPAA does not provide a private cause of action."); *Hatfield v. Berube*, 714 F. App'x 99, 105 (3d Cir. 2017) (finding that plaintiff cannot proceed with her claims under HIPAA because "HIPAA does not create a private right of action for alleged disclosures of

confidential medical information"). Accordingly, all claims asserting violations of HIPAA will be dismissed with prejudice.

### B. Section 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). In a Section 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998); see also Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting Rode, 845 F.2d at 1207)).

#### 1. Eighth Amendment Claim

Dershem alleges that she was placed in a cell "lacking heat or hot water for 8 days" in violation of the Eighth Amendment. (Doc. 1, at 8 ¶ 18; Doc. 1, at 9).

The Eighth Amendment's prohibition of cruel and unusual punishment imposes constitutional limitations on a prisoner's conditions of confinement. See Graham v. Connor, 490 U.S. 386 (1989); Rhodes v. Chapman, 452 U.S. 337 (1981). The Constitution "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized

measure of life's necessities, are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations and quotation marks omitted).

In order "[t]o determine whether prison officials have violated the Eighth Amendment, [courts] apply a two-prong test[.]" *Porter v. Pennsylvania Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  Under the first prong, courts consider whether the deprivation was "'objectively, sufficiently serious[,]" that is, whether "a prison official's act or omission [resulted] in the denial of the minimal civilized measure of life's necessities[.]'" *Id.* (quoting *Farmer*, 511 U.S. at 834).  Under the second prong, courts must consider whether the prison official was "'deliberate[ly] indifferen[t] to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 834).

As to the first prong, life's necessities include food, clothing, shelter, medical care, and reasonable safety.  *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000) (stating that "when the government takes a person into custody against his or her will, it assumes responsibility for satisfying basic human needs such as food, clothing, shelter, medical care, and reasonable safety" (citing *DeShaney v. Winnebago Co. Dep't of Social Svcs.*, 489 U.S. 189, 199-200 (1989))); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (explaining that the Eighth Amendment imposes a duty upon prison officials "to ensure that inmates receive adequate food, clothing, shelter, and medical

care, and [to ensure that prison officials] take reasonable measures to guarantee the safety of the inmates" (citations and internal quotation marks omitted)).

Regarding the second prong, a prison official does not act with deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety"—that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "The knowledge element of deliberate indifference is subjective, ... meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (citing *Farmer*, 511 U.S. at 837-38)).

Here, Dershem has not plausibly alleged a deprivation of the Eighth Amendment. Even if Dershem's allegations are true—that she was placed in a cell without heat or hot water for eight days, the Court still finds that, under the first prong of an Eighth Amendment analysis, these deprivations—as currently alleged in the complaint—are not "'objectively, sufficiently serious[.]'" *Porter*, 974 F.3d at 441 (quoting *Farmer*, 511 U.S. at 834). There is no indication from the allegations in the complaint that these asserted deprivations resulted in "the denial of the minimal civilized measure of life's necessities[.]'" *Id.*

Additionally, even if the Court accepted these asserted deprivations as being "'objectively, sufficiently serious,'" *Porter*, 974 F.3d at 441 (quoting *Farmer*, 511 U.S. at 834), the Court still finds that Dershem's complaint does not sufficiently allege that

Defendants acted with deliberate indifference to such deprivations—i.e., that Defendants were both aware of an excessive risk of harm to Dershem, which accompanied these alleged conditions, and that Defendants disregarded that risk. *See Farmer*, 511 U.S. at 837 (holding that a "prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

Accordingly, the Court concludes that Dershem's complaint fails to state an Eighth Amendment conditions of confinement claim. The Court will dismiss this claim without prejudice and with leave to amend.

### 2. Fourteenth Amendment Claim

To the extent that Dershem asserts a Fourteenth Amendment due process claim based upon her eight-day placement in the cell, she fails to state a claim upon which relief can be granted. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that a prisoner's 30 day placement "in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" (footnote omitted)); *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (concluding that a prisoner's seven month placement in disciplinary confinement "does not, on its own, violate a protected liberty interest as defined in *Sandin*"). Dershem's complaint does not set forth

9

any allegations that her eight-day placement in the cell was atypical or constituted a significant deprivation. The Court, therefore, will dismiss any purported Fourteenth Amendment due process claim.

## IV.    **Leave to Amend**

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips*, 515 F.3d at 245. Leave to amend may be denied based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court finds that granting Dershem leave to amend her HIPAA claim and Fourteenth Amendment claim would be futile. However, the Court will grant Dershem leave to file an amended complaint to attempt to cure the deficiencies identified above concerning her Eighth Amendment conditions of confinement claim.[2]

## V.    **Conclusion**

Consistent with the foregoing, the Court will grant Dershem leave to proceed *in forma pauperis* and will dismiss her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2]    If Dershem chooses to file an amended complaint, it must be a complete document that does not rely on the initial complaint, or other papers filed in this case.

10

The Court will grant Dershem leave to amend her Eight Amendment conditions of confinement claim.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March _____, 2026