**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMIE DERSHEM, | : | Civil No. 3:26-cv-121 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| PRIME CARE, *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Jamie Dershem ("Plaintiff"), an inmate in the custody of the Pennsylvania Department of Corrections, initiated this action pursuant to 42 U.S.C. § 1983 asserting constitutional claims and a violation of the Health Insurance Portability and Accountability Act ("HIPAA").  (Doc. 1).

On March 5, 2026, the Court conducted the required statutory screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  (Docs. 7, 8).  Upon conducting this initial statutorily mandated screening, the Court entered a Memorandum and Order dismissing Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but granted her leave to file an amended complaint.  (*Id.*).  Plaintiff's amended complaint was due on or before March 17, 2026.  (Doc. 8).  The time for

filing an amended complaint has passed, and Plaintiff has failed to file an amended complaint. Nor has she requested an extension of time to do so.[1]

Plaintiff's failure to file an amended complaint in accordance with this Court's Order "makes adjudication of the case impossible." *Azubuko v. Bell Nat'l Org.*, 243 F. App'x 728, 729 (3d Cir. 2007) (nonprecedential); *see also Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) (nonprecedential) (upholding the dismissal of a *pro se* plaintiff's complaint with prejudice for failure to amend his complaint). Further, a balance of the six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) dictates dismissal of the action. The six factors are as follows:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party...was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis omitted). "[N]ot all of the *Poulis* factors need be satisfied...to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (citation omitted).

First, there is no doubt that Plaintiff, as a *pro se* litigant, has the ultimate and sole responsibility to prosecute her claims and to comply with Court Orders. Second, Plaintiff's

---

[1] When Plaintiff commenced this action, she identified her address as the State Correctional Institution at Cambridge Springs, Pennsylvania. According to the Pennsylvania Department of Corrections' online inmate locator, she remains incarcerated at that address. *See* https://inmatelocator.cor.pa.gov/#/. Because her address has not changed, and the prior Order (Doc. 8) has not been returned, the Court presumes that Plaintiff received the Order.

failure to communicate with the Court and to comply with a Court Order frustrates any progressive forward movement. This failure to communicate clearly prejudices the Defendants' ability to achieve a timely resolution of the case. Third, Plaintiff has established a history of dilatoriness through her failure to comply with a Court Order. As to the fourth factor, "[w]illfulness involves intentional or self-serving behavior." *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994). Plaintiff bears responsibility for the dilatory behavior as she is solely responsible for the lack of communication with the Court and the failure to file an amended pleading, as ordered. Fifth, the effectiveness of alternative sanctions weighs in favor of dismissal, as no viable alternative to dismissal exists given the absence of an operative pleading in this matter. And, finally, the meritoriousness of Plaintiff's claims weighs towards dismissal, as the complaint was subject to an initial screening and was dismissed by the Court. (Docs. 7, 8). Thus, following a full analysis of the *Poulis* factors, the scale tips heavily in favor of dismissal of this action.

Accordingly, the Court will dismiss the above-captioned action and direct the Clerk of Court to close this action. A separate Order follows.

Robert D. Mariani
United States District Judge

Dated: March 23, 2026

3